UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

FRANCISCO MENDOZA-GOMEZ,

        Petitioner,

  v.

SCOTT SPEER,

        Respondent.

Case No. 2:25-cv-00200-TMC

ORDER DENYING MOTIONS FOR RELIEF FROM JUDGMENT

## I.   ORDER

Before the Court are five filings by pro se habeas petitioner Francisco Mendoza-Gomez (Dkt. 16, 17, 18, 19, 20). The Court has reviewed all five motions and the remaining record. For the reasons explained below, all five motions are DENIED. Additionally, because Mr. Mendoza-Gomez has repeatedly filed frivolous motions, the Court ORDERS Mr. Mendoza-Gomez to show cause by July 10, 2025 why he should not be sanctioned under Federal Rule of Civil Procedure 11.

On January 31, 2025, Petitioner Mendoza-Gomez, a state prisoner, filed a motion for leave to proceed in forma pauperis ("IFP") and a proposed petition for writ of habeas corpus. Dkt. 1. United States Magistrate Judge Michelle L. Peterson issued an order to show cause why Mr. Mendoza-Gomez's IFP application should not be denied, as his prison trust account

ORDER DENYING MOTIONS FOR RELIEF FROM JUDGMENT - 1

statement showed he could afford the $5.00 filing fee. Dkt. 4. After Mr. Mendoza-Gomez failed to respond to the order to show cause, Judge Peterson recommended the action be dismissed for failure to prosecute. Dkt. 9. Objections to the report and recommendation ("R&R") were due by April 9, 2025, and Mr. Mendoza-Gomez did not file any objections. On April 21, 2025, the Court adopted the report and recommendation and entered judgment dismissing the case without prejudice for failure to prosecute. Dkt. 10, 11.

Mr. Mendoza-Gomez then filed twelve untimely, boilerplate objections to the R&R, Dkt. 12, as well as two boilerplate motions for relief from judgment, Dkt. 13, 14. The Court overruled the untimely objections to the R&R because they did not provide a reason for rejecting the R&R. Dkt. 15 at 2–3. The Court denied all pending motions, concluding that Mr. Mendoza-Gomez failed to show that the Court's judgment dismissing his petition without prejudice for failure to prosecute was void under Federal Rule of Civil Procedure 60(b)(4). *Id.* at 3.

In the order, the Court also cautioned Mr. Mendoza-Gomez against filing frivolous motions for relief from judgment, noting that it may result in sanctions under Federal Rule of Civil Procedure 11(b)(2). *Id.* at 3–4. The Court explained that even though Mr. Mendoza-Gomez is pro se, he remains bound by the Federal Rules of Civil Procedure, like any other litigant. *Id.* at 4.

Still, Mr. Mendoza-Gomez has persisted in filing five more motions for relief from judgment. Dkt. 16, 17, 18, 19, 20. All five motions seek relief under Federal Rule of Civil Procedure 60(b)(4), which allows the Court to grant relief from a final judgment if "the judgment is void." Fed. R. Civ. P. 60(b)(4). "[A] judgment is not void merely because it is erroneous." *In re Center Wholesale, Inc.*, 759 F.2d 1440, 1448 (9th Cir. 1985). A judgment is void for purposes of Rule 60(b)(4) "only if the court that considered it lacked jurisdiction, either as to the subject

ORDER DENYING MOTIONS FOR RELIEF FROM JUDGMENT - 2

matter of the dispute or over the parties to be bound, or acted in a manner inconsistent with due process of law." *United States v. Berke*, 170 F.3d 882, 883 (9th Cir. 1999).

Mr. Mendoza-Gomez's motions, however, do not meet this standard. Because the motions are frivolous, the Court will also order Mr. Mendoza-Gomez to show cause why he should not be sanctioned under Federal Rule of Civil Procedure 11.

**A.     Dkt. 16 and 17**

The motion filed at Dkt. 16 contends that the "District Court [violated] the Magistrate's Act and Habeas Rule 8(b) by failing to conduct de novo review of Petitioner's Affidavit In Support of 28 U.S.C. section 2241." Dkt. 16 at 1. The motion filed at Dkt. 18 also argues that the "District Court violated the Magistrate's Act and Habeas Rule 8(b) by failing to conduct de novo review of the Request for Certification." Dkt. 17 at 1. But as explained in the Court's prior order, *see* Dkt. 15, Mr. Mendoza-Gomez's affidavit and request for certification were never ruled on by the Magistrate Judge or reviewed by this Court because his case never proceeded past the IFP application stage. He has not shown that the Court's judgment dismissing his petition for failure to prosecute is void, and the motions are frivolous.

**B.     Dkt. 18**

The motion filed at Dkt. 18 asserts that the "District Court violated the Magistrate's Act and Habeas Rule 8(b) by failing to conduct de novo review of the OBJECTION[.]" Dkt. 18 at 2. But this is not true and does not show that the Court's judgment is void. The Court reviewed Mr. Mendoza-Gomez's objections, which were untimely filed and did not pertain to the actual reason Judge Peterson recommended dismissal. *See* Dkt. 15. This motion is also frivolous.

**C.     Dkt. 19 and 20**

In Dkt. 19, Mr. Mendoza-Gomez argues that the "District Court violated the Magistrate's Act and Habeas Rule 8(b) by asserting a procedural defense not made by respondent." Dkt. 19 at

ORDER DENYING MOTIONS FOR RELIEF FROM JUDGMENT - 3

1. And the motion filed at Dkt. 20 claims that "Petitioner's factual predicate relied upon to re-open this habeas proceeding exclusively asserts a procedural defect in the procurement of the judgment in civil case." Dkt. 20 at 2.

But here, the procedural defect is that Mr. Mendoza-Gomez did not respond to Judge Peterson's order to show cause why he is not able to pay the $5.00 filing fee despite having a prison trust account statement showing that he has an average spendable balance of $3,571.09. *See* Dkt. 4 at 1, 3. The Court has an independent obligation to ensure that habeas petitioners who seek to proceed *in forma pauperis* meet the requirements for doing so. *See* 28 U.S.C. §§ 1915(a), (e). Because of Mr. Mendoza-Gomez's lack of response, the Court adopted Judge Peterson's recommendation that the case be dismissed without prejudice for failure to prosecute. Dkt. 10. Mr. Mendoza-Gomez could have cured the defect by either paying the $5.00 filing fee or showing cause why he could not pay the filing fee despite appearing to have sufficient funds in his prison trust account. Accordingly, these motions are also frivolous.

D.  **Sanctions Under Federal Rule of Civil Procedure 11**

Rule 11 expressly provides that it applies to "a party personally if the party is unrepresented." Fed. R. Civ. P. 11(a). Under Rule 11, by signing a motion, an unrepresented party certifies to the Court that "the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law." Fed. R. Civ. P. 11(b)(2). Mr. Mendoza-Gomez's motions appear to violate this rule, and his repeated use of motions for relief from judgment to advance frivolous arguments abuses the judicial process and wastes time the Court could spend handling other cases, including cases from other prisoners and pro se litigants.

Rule 11(c)(1) provides that "[i]f, after notice and a reasonable opportunity to respond, the court determines that Rule 11(b) has been violated, the court may impose an appropriate sanction

ORDER DENYING MOTIONS FOR RELIEF FROM JUDGMENT - 4

on any . . . party that violated the rule." Fed. R. Civ. P. 11(c)(1). The sanction should "be limited to what suffices to deter repetition of the conduct or comparable conduct by others similarly situated," and may include "nonmonetary directives" or "an order to pay a penalty into court." Fed. R. Civ. P. 11(c)(4). To give Mr. Mendoza-Gomez notice and an opportunity to be heard, the Court ORDERS Mr. Mendoza-Gomez to show cause no later than July 10, 2025 why he should not be sanctioned for violating Rule 11(b)(2).

## II.    CONCLUSION

For the reasons explained above, all of Mr. Mendoza-Gomez's pending motions for relief from judgment (Dkt. 16, 17, 18, 19, 20) are DENIED. Mr. Mendoza-Gomez is ORDERED to show cause no later than July 10, 2025 why he should not be sanctioned for filing frivolous motions in violation of Federal Rule of Civil Procedure 11(b)(2).

The Clerk is directed to send uncertified copies of this Order to all counsel of record and to any party appearing pro se at said party's last known address.

Dated this 26th day of June, 2025.

Tiffany M. Cartwright
United States District Judge